## SUPREME COURT.

### KERRIGAN agt. RAY and others.

It is not necessary, in an action for the recovery of the possession of personal property, that the *complaint* should correspond with the *affidavit*, founding the requisition to the sheriff, as to the number and value of the articles to be delivered.

In *replevin*, under the old system, it was different: there the *action was com menced* by the service of the *writ*, which must show the *true cause of action*, and of course the *declaration* had to conform to it. But now, the commencement of the action is not by the service of the affidavit founding the requisition to the sheriff, but by *summons*, which merely gives notice of the relief demanded in the complaint; and, there being no discrepancy between the summons and complaint, and the affidavit forming no part of the *judgment*, of course no discrepancy will appear, if the complaint is different from the affidavit.

Where the plaintiff showed that he commenced his proceedings upon attachment in good faith; but, after service of the affidavit, and before service of the summons, a portion of the property described in the affidavit had been taken possession of by another deputy sheriff on an attachment against one of the defenndants,

*Held*, that it was proper, the complaint being verified, to describe therein and claim only the property which was in the possession of the defendant when the action was commenced.

*New-York Special Term, Dec.,* 1854.

THE plaintiff sued for the recovery of the possession of personal property, and in the affidavit, on which was founded the requisition to the sheriff to cause the property to be delivered to him, he enumerated a great number of articles, valuing them at $1,250. In the complaint, he described less than one-fourth of the articles, and valued them at $250. He gave security for the return of the property; and, the defendants having excepted to the sufficiency of the sureties, the sureties justified in the full amount mentioned in the affidavit. The defendants moved to set aside the complaint for not including all the property described in the affidavit.

A. R. DYETT, *for defendants.*
H. P. TOWNSEND, *for plaintiff.*

Kerrigan agt. Ray and others.

MITCHELL, Justice.   Under the old system, such a motion would be granted almost of course.   Then the summons, or original writ, on which the action was founded, described the property claimed; and it was a rule that the declaration in all bailable actions should conform to the writ, and as there the *ac etiam* in the *capias* showed the true cause of action, and as the original writ equally showed the true cause of action in replevin, there was the same reason for requiring conformity in that case also.   But there are several points of difference between the old and new systems, which may make a different rule now proper.

Under the old system, the delivery of the original writ to the sheriff was the commencement of the action; under the present, it is the service of the summons on the defendant, which has that effect.   Under that system, the original writ described the property; under the present, the summons, which stands in place of that writ, merely notifies the defendant that the plaintiff will, in case of default, ask for the relief demanded in the complaint, without telling what that relief may be; so that there can be no want of conformity apparent on comparing the complaint with the process; and under the present practice, when judgment is obtained, the summons will show no discrepancy, and the affidavit will not exhibit any, as it does not form part of the judgment.   (*Code*, § 281.)   If the defendant succeeds, and obtains judgment, it can only be for the return of so much of the goods as the plaintiff obtained from him on the requisition; not for what he did not take.

The decision of this motion must, therefore, depend on the equitable circumstances of the case.   The plaintiff shows that he " commenced his proceedings in good faith for all the property; but that, before he could serve the summons, the part of the property omitted from his complaint was attached by another deputy of the sheriff, on an attachment against one of the defendants, and was taken into the possession of that deputy, and from the possession of that defendant:" so that the plaintiff could not, in truth, swear, in his complaint, that at the time of commencing the action the defendant held and retained

that property; and this action (it has been held) will only lie for property detained by the defendant when the action is commenced—not for property wrongfully taken by him, and which he had parted with before suit brought. The plaintiff has never had that part of the property in his possession, or under the control of his process: if he had, it would be right that he should be responsible for its safe return. If the defendant has lost it, it has been through the attachment of another creditor, alleging fraud or non-residence, or absconding on the part of the defendant. The plaintiff should not suffer for the actual fault of the defendant, nor for imputations made against the defendant falsely by others. The defendant should seek his relief against the attaching creditor, if he has done him any wrong.

Motion denied, without costs.