DAVID WANDS, *et al.*, v. SCHOOL DISTRICT NO. 71.

1. PLEADING; *Allegations of Organization of School District, and of Execution of Official Bond of Treasurer, Admitted unless Denied on Oath.* In an action on the official bond of the treasurer of a school district, where the petition sets forth a copy of the bond executed to the district in accordance with the statute, and contains allegations of the organization and existence of such school district under the laws of the state, and alleges also the election, qualification, and action of the principal on the bond as such treasurer, and the receipt by him of moneys belonging to the school district, and his refusal to pay the same over to his successor in office on demand, and the answer filed thereto is not verified, *held*, not error for the district court to reject all testimony showing the non-existence of the school district, and that it had been divided up and blotted out, and that such treasurer had paid over all the money received by him officially to another district, without the assent of the district of which he was treasurer, and that such treasurer had no knowledge of the organization of any such school district to which he had executed his bond.

2. AMENDMENT, *of Answer; Terms Imposed.* Where during a trial a defendant asks leave of the court to amend his answer by a verification thereof, which motion is denied by the court except upon the payment instanter of all the costs of the suit up to the time of such application, such requirement is not such an abuse of discretion on the part of the court as to be any ground of error demanding a reversal of the judgment in the case.

*Error from Crawford District Court.*

ACTION by the *School District* as plaintiff, against *Wands* and his sureties, to recover money alleged to have been received by *Wands* as treasurer of said school district, and unlawfully retained by him. All the facts, and the character of the pleadings, are set forth in the opinion. The district court, at September Term 1876, gave judgment in favor of the *School District*, and defendants bring the case here on error.

*Daniel Scott*, for plaintiffs in error.

*John T. Voss*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action on the official bond of the treasurer of School District No. 71, of Crawford county, to recover the sum of $486.86 on account of moneys collected by said treasurer, which he wrongfully refused to pay over, as a faithful discharge of his duties required. The petition alleged among other things, that the said school district was a duly-organized school district under and by virtue of the laws of the state of Kansas, and as such school district was doing business under the name and number of "School District No. 71, Crawford county," and that the defendant, David Wands, was the duly-elected, qualified and acting treasurer of said School District No. 71 from the 7th of April 1873 until the 13th of August 1874, at which last-mentioned time the said Wands ceased to be treasurer of said district. The answer in the case was not verified; and on the trial an attempt was made to introduce in evidence, on the part of the plaintiffs in error, (said treasurer and his sureties,) the record of a judgment of the district court of Crawford county, rendered at the May term 1873, in a certain action then pending in said court, wherein "Union School District No. 11, of Crawford, Labette, and Neosho counties," was plaintiff, and said

"School District No. 71" was defendant, to prove that all the
territory claimed by said School District No. 71, except one
section, had been adjudged by said court to belong to said
School District No. 11, and that said judgment remained un-
reversed; also, to prove by the county superintendent of
schools for said Crawford county that said remaining sec-
tion of territory claimed by School District No. 71 had
been attached to an adjoining school district in said county
of Crawford prior to the commencement of this action,
and that "School District No. 71" had been blotted from
the school maps of said Crawford county in obedience to the
judgment of said court before the commencement of this
suit; and to further prove, that all the money now claimed
by said "School District No. 71" was the legally-assessed and
collected school-tax of the territory and inhabitants of said
School District No. 11, and that as such treasurer Wands had
in good faith paid the sum sued for to said School District
No. 11 prior to this action, having no knowledge that said
money then had any other legal owner, or that School Dis-
trict No. 71 had any organization as a school district under
the laws of Kansas.   To the introduction of all of this evi-
dence, the defendant in error objected, and the court sustained
such objection, holding the offered proof inadmissible in the
case.   Complaint is now made of this action of the court by
the plaintiffs in error.   In said ruling of the district court
there was no error, as under the pleadings the existence of
the said School District No. 71, and the election and quali-
fication of said Wands as the treasurer thereof, were confessed
as true. (Sec. 108, civil code, Gen. Stat. 650.)   The existence
of such school district, as also the official position of Wands,
as its treasurer, being admitted in the pleadings, and in the
official bond signed by all the plaintiffs in error, it was no
defense to the action to prove that the money collected by
Wands as such treasurer had been paid to another school dis-
trict without the assent of School District No. 71, or that
such treasurer had no knowledge of the existence of said

School District No. 71. The evidence presented was not in support of any issue tendered in the case, and was properly rejected.

During the trial, the plaintiffs in error moved the court for leave to amend their answer by a verification thereof, which was denied by the court, except upon the payment instanter of all the costs of the suit up to the time of such application. Under the law, defendants have no absolute right to amend their answers whenever they may choose so to do; and as they can amend only upon leave of the court, and upon such terms as may be just, we see no abuse of discretion in the court as to the terms imposed. By the payment of the costs, the plaintiffs in error could have obtained leave to make the amendment asked; but this they refused to do, and cannot now complain because they were not permitted to verify their answer.

The other exceptions in the case referred to in the brief of counsel for plaintiffs in error are not sufficiently presented in the record for this court to take cognizance of, and hence cannot be considered.

The judgment of the district court will be affirmed.

All the Justices concurring.