JOHN W. CRAWFORD v. JOHN FURLONG.

1. REPLEVIN; *Demand; Discretion of Court; No Error, When.* A demand is prerequisite to the commencement of an action in replevin. The plaintiff rested his case, without proving any demand. On account of the absence of this proof, a demurrer to the evidence was filed by the defendant, which the court overruled. Both parties proceeded with the trial. After the defendant had introduced all his testimony, and the arguments of counsel had been concluded, the plaintiff, with the consent of the court, supplied the evidence of a demand prior to the bringing of the action. *Held,* That the reception of the proof of the demand was within the discretion of the trial court; and *held,* that no error was committed prejudicial to the rights of the defendant in overruling the demurrer to the evidence.

2. ———— *Affidavit, No Part of Pleadings.* The affidavit of a plaintiff in an action of replevin to obtain an order for the delivery of the property, is no part of the pleadings, and the facts therein set forth form no part of the issues in the case.

3. ———— *Certain Testimony, Properly Excluded.* An action in replevin was pending between F. and C. To sustain his defense, C. offered to prove that at the time the property of F. was levied upon to satisfy a judgment of C. it was covered with a chattel mortgage; that there was

then overdue to the mortgagee $78.50; that the levy was only on the interest of F. therein; and that the property was sold after the commencement of the replevin action, subject to the mortgage. *Held*, That the testimony was properly rejected, as the property, being exempt, was not subject to execution, and that C. could not, by a wrongful sale of it, compel in this action, in the absence of the mortgagee, a settlement of the claims between the mortgagor and the mortgagee.

*Error from Harvey District Court.*

THIS was an action of replevin, originally brought by the defendant in error against the sheriff and deputy sheriff of Harvey county, to recover the possession of certain personal property. The property was taken on execution by said officers, and claimed as exempt by the defendant in error. The officers gave a redelivery bond and retained possession of the property. Afterward, in accordance with § 45 of the code, Crawford was substituted as defendant in the court below, in the place of the sheriff and his deputy. At the September Term, 1877, of the district court, judgment having been rendered in favor of the defendant in error for the return of the property, and damages, and in case a return of the property could not be had, for its value, the plaintiff in error has brought the case here for review.

*C. S. Bowman*, for plaintiff in error.

*A. L. Greene*, for defendant in error.

The opinion of the court was delivered by.

HORTON, C. J.: It is claimed that the district court erred in refusing to sustain a demurrer to the evidence of the plaintiff in the court below. The argument is, that a demand is a prerequisite to the bringing of the action, and as the plaintiff rested his case without proving a demand, his cause of action was not made out. It appears from the record that after the demurrer was overruled, both parties proceeded with the trial; the defendant introduced further and additional evidence; and after the arguments of counsel to the jury, plaintiff, with the consent of the court, proved the making

of a demand for the property prior to the commencement of the action. As the court had the power in its discretion to receive the testimony of the demand, even after the arguments, the omission in the proof was supplied, and no error was committed prejudicial to the rights of the plaintiff in error in overruling the demurrer to the evidence.

It is further insisted that there was error in the proceedings in this: the affidavit on which was founded the order of delivery stated the value of the property at $240. The original petition also fixed the value at the same amount. Afterward, an amended petition was filed, which set forth the value at $375. The jury in their verdict assessed the value at $323, and judgment was rendered accordingly. Exceptions were taken to changing the value in the petition from $240 to $375, and a motion was made to reduce the value fixed by the jury to $240. The exceptions and motion were not sustained. There was no error in this. While the statute requires that the affidavit in replevin should show the actual value of the property, and, where several articles are claimed, the value of each as nearly as practicable, yet it is not necessary that the petition should correspond in this respect with the affidavit. The affidavit to obtain the order for the delivery of the property must contain certain prescribed facts duly sworn to, but they form no part of the issues in the case. In this case a team of mules, a wagon and a set of harness were claimed. The plaintiff was required to state the value of each in his affidavit, as nearly as practicable. The defendant had the right to retain the property in his possession upon executing, with one or more sufficient sureties, an undertaking to the plaintiff, in not less than double the amount of the value of the property as stated in the affidavit. The bond was given by defendant, and the property retained. The purpose of requiring the value of the property to be stated in the affidavit is for the protection of the plaintiff, and determines the amount of the undertaking without calling appraisers. The affidavit does not settle the value of the property, as a jury may increase or

decrease such value in their findings, not exceeding of course the sum claimed in the petition. The affidavit filed by the plaintiff at the commencement of his action, of the value of the property sought to be recovered, would in the majority of cases, if introduced in evidence by the opposing party, limit the assessment of the value to a sum not exceeding the amount placed by himself therein; but exceptional cases might arise where, upon the evidence, a different result would be had. Therefore, we cannot say that the petition must conform to the affidavit, nor can we say that the assessment of the jury of the value of the property must be within the sum stated in the affidavit. (*Moser v. Jenkins*, 5 Oregon, 447; *Kerrigan v. Ray*, 10 How. Pr. 213.)

The final allegation of error is, that the court erred in refusing to permit defendant in the court below to prove that at the time of the levy upon the property, it was covered with a chattel mortgage; that there was then over-due to the mortgagee $78.50; that the sheriff made the levy upon the interest of the plaintiff, and sold the property subject to the mortgage. It was not claimed that the mortgagee had been paid by the sheriff, or that he asserted any demand against the officers or the purchaser. As the action was not between the mortgagor and mortgagee, and as the mortgagee was no party to such proceeding, the evidence sought to be introduced was irrelevant, and properly rejected. The property being exempt, was not subject to execution, and defendant could not, by a wrongful sale of the same, compel in this action a settlement of the mortgagee's claim.

The judgment of the district court will be affirmed.

All the Justices concurring.