## WILLIAM T. STARR v. ANDREW HINSHAW.

1. BILL OF PARTICULARS; *Practice.* In an action of replevin in a justice's court, the plaintiff may, if he chooses, and with the permission of the justice, use and treat his affidavit for the summons and order of delivery as a bill of particulars.

2. —— *Held,* Under the circumstances of this case, that there was no tenancy in common as to any of the property in controversy.

3. REPLEVIN; *Modification of Judgment; Power of Court.* Where a justice of the peace, in a replevin suit before him, first renders judgment in favor of the plaintiff, and against the defendant, for all the property in controversy, and afterward modifies the judgment so as to give a portion of the property to the defendant, and the district court (on petition in error by the defendant from the justice's court) affirms the judgment of the justice as thus modified, *held,* that whether said modification was right or wrong, valid or void, the district court itself had the power to make it; and whether it was correct or erroneous, it being for the benefit of the plaintiff in error, he has no ground for complaint because thereof.

### *Error from Lyon District Court.*

AT the March Term, 1879, of the district court, *Hinshaw,* as plaintiff, had judgment against *Starr,* as defendant, who brings the case here. The facts sufficiently appear in the opinion.

*Sterry & Sedgwick,* for plaintiff in error.

*Buck & Kellogg,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin brought by Andrew Hinshaw against William T. Starr before a justice of the peace, to recover twenty-eight head of sheep and lambs. The action was regularly brought and tried, except that the plaintiff did not file any formal bill of particulars. The plaintiff, however, and the justice, treated the plaintiff's affidavit, upon which the summons and order of delivery was issued, as a bill of particulars. We perceive no error in this. The affidavit contains everything that is necessary to be

stated in a bill of particulars; and while a plaintiff in a replevin suit in a justice's court might very properly file an
additional paper as a bill of particulars, yet if·he chooses to
use his affidavit as such, and the court permits him to do so,
we do not think that any material error is committed. The
statutes do not require that any additional paper be filed as
a bill of particulars in a justice's court. The case of *Crawford v. Furlong*, 21 Kas. 698, which was an action commenced
in the·district court,, has no application to a bill of particulars in replevin in a justice's court. The plaintiff in error
(defendant in the justice's court) misconstrues the words "as
in other cases" found in section 58 of the justice's code.
Said section simply means that in replevin cases before justices the summons shall be the same "as in·other cases"
under the justice's code, with the addition of a command to
seize the property. Said section has no reference to a bill of
particulars.

There was no tenancy in common in this case. Hinshaw
owned all the property. Under the contract between Hinshaw and Stroud, all the property would necessarily remain
Hinshaw's until the end of the three years, and probably
until separation and division. But long before the three
years had expired, Stroud, in violation of said contract, sold
the property to Baxter, and Baxter to the defendant, Starr.
Under such circumstances, neither Stroud, nor Baxter, nor
Starr, could ever become the owner of any portion of the
property.

The justice of the peace at first rendered judgment in favor
of the plaintiff, and against the defendant, for all the property replevied. Afterward, the justice modified this judgment so as to give to the defendant four of the lambs. And
the district court affirmed the judgment of the justice as thus
modified. Now whether the modification of the judgment
was valid or void, the district court did not err materially as
against the defendant, Starr, (plaintiff in error,) by affirming
the judgment as thus modified. The modification was for
the benefit of the defendant, Starr. But suppose that. the

modification was void; then the district court itself had the power to make the modification. (Civil Code, § 540; Comp. Laws of 1879, p. 674.) Of course, under the circumstances of this case, the court would err in making the modification, if the justice did in making it, but the error would be in favor of the defendant, Starr, and not against him, and the defendant has no right to complain because thereof.

The judgment of the court below will be affirmed.

All the Justices concurring.