## A. CASTERLINE v. B. F. DAY.

ALL COSTS, *Wrongly Adjudged.* Plaintiff commenced an action in replevin before a justice of the peace. He filed no bill of particulars, but his affidavit contained a statement of all the facts which would have been required in such a bill. Defendant appeared, trial was had, and judgment was rendered in favor of the plaintiff. From this judgment defendant took his appeal to the district court. Thereafter he took depositions and subpenaed witnesses. The case was called for trial, a jury impanneled, and thereupon he objected to any testimony on behalf of the plaintiff, on the ground that there was no bill of particulars. The court sustained the objection, and tendered leave to the plaintiff to file a bill of particulars upon accepting a judgment against him for all costs to date. Plaintiff declined to file on these conditions. The court thereupon discharged the jury, and rendered a judgment against him for costs. *Held,* That under the circumstances, the district court had a right to require the filing of a bill of particulars, but that it was error to require as a condition of such filing an acceptance of the entire burden of all costs previously incurred in both courts.

### *Error from Harvey District Court.*

REPLEVIN, brought by *Casterline* against *Day*, to recover the possession of a spotted-roan male calf, of the value of $15. Trial at the March Term, 1880, of the district court, when the defendant recovered a judgment against the plaintiff for costs. The plaintiff brings the case here. The opinion states the facts.

*A. L. Greene,* for plaintiff in error.

*J. W. Ady,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, originally commenced before a justice of the peace by plaintiff in error. In commencing the action, the plaintiff filed no bill of particulars, but simply an affidavit in replevin. The case was tried before the justice, both parties appearing without any objection on account of the want of a bill of particulars; and from the judgment there rendered the defendant appealed to

the district court. Prior to the trial, witnesses were subpenaed and depositions taken by the defendant. On the 25th of March, 1880, the case was called for trial, and jury impanneled; but when the plaintiff proceeded to offer his testimony, the defendant objected, on the ground that there was no bill of particulars on file, which objection was sustained by the court. Thereupon the plaintiff asked leave to file a bill of particulars, and the court ruled that he might have leave to file such bill on accepting a judgment against him for all costs to date, which the plaintiff declined. Thereupon the court discharged the jury, and rendered judgment against the plaintiff for costs. From this ruling plaintiff brings error to this court.

It has been decided that an affidavit in replevin constitutes a sufficient bill of particulars, if unchallenged. (*Starr v. Hinshaw*, 23 Kas. 532.) True, the statute prescribes that in all cases before a justice of the peace, the plaintiff shall file a bill of particulars, but an affidavit in replevin states all the facts required to be stated in a bill of particulars, and hence in such cases a bill of particulars is necessary simply because of such technical provision of the statute. A trial and judgment upon simply the affidavit in the replevin action is, if not objected to, sufficient and valid, not only when attacked collaterally, but also when challenged by proceedings in error. (23 Kas., *supra.*) Doubtless the district court on appeal may require new or amended pleadings. (Justices' Act, § 122.) But this only in furtherance of justice. It is true, as counsel for defendant in error states, that a party who neglects to comply with any of the provisions of a statute has ordinarily no cause of complaint if he is charged with costs as a condition of perfecting his proceedings; but there are some limitations upon this general rule, which ought to be considered, and one of which we think applies in this case. That is this, that when the adverse party has accepted the proceedings as sufficient, and acted upon them as such, making costs by so acting, the costs thereby incurred should not be taxed against the neglecting party, when thereafter the defect is detected and chal-

lenged. Each party owes a duty to the other, and neither party can neglect that duty and thereafter cast the entire burden of the omission upon the other. Now, technically, the plaintiff before the justice should have filed a bill of particulars besides the affidavit, and if the defendant had challenged the proceedings there, on account of such omission, that being the first opportunity he had of so challenging them, it might have been fair and equitable to have required the plaintiff to pay all costs thus far incurred as a condition of perfecting his proceedings. But the defendant made no such challenge; he was content to try the case with the pleadings as they stood, although technically defective; trial and judgment were had, and then he sought a new trial in a different forum. Doubtless in such forum he was entitled to correct and perfect pleadings, and the plaintiff might justly have been charged with some or perhaps all of the costs incurred in the new forum, as a condition of perfecting those defective pleadings; but it does not seem just and fair that he should be charged with the costs of all the proceedings before the justice, when both parties went to trial there as though everything was regular and perfect. In other words, it may be laid down as a general proposition that, when a defendant detects error in a proceeding of a plaintiff, he should at the first instance call attention to such defect, and thus give the plaintiff a chance to correct the defect. Though by his silence under such circumstances he may perhaps not waive his right to thereafter challenge the defect, yet, fairly and justly, he should not be allowed to cast upon the plaintiff the costs of all proceedings had, while both parties were treating the proceedings as regular and sufficient. The aim of the law is not to catch parties in technical omissions and defects and punish them therefor, but to secure, with the least cost and expense to each, a just determination of their respective rights and liabilities.

While *regularity of proceeding* must be required in order to secure to each party his equal day and equal right in court, yet neither party may pile up costs with the hope of springing thereafter a trap which shall ensnare the other in a useless

burden of expense. There is an obligation of fairness—a burden of duty—resting upon each to the other. While regularity of proceeding may properly be required, and the expense of error therein charged upon the party in fault, yet it is only that expense which would not have been avoided even if the defect had been promptly challenged by the other party. The case of *Wands v. School District*, 19 Kas. 204, contains nothing in conflict with the views here expressed. It was an action in the district court. Defendants filed their answer, and during the trial asked leave to amend it in such a way as to change substantially the character of the defense. This the court permitted them to do upon the payment of costs; and we held that the court did not abuse its discretion in so ruling. Plaintiff had a right to prepare for trial with the expectation of trying only such issues as were then tendered by the defendant's answer; and when the defendant, pending the trial, proposed to work a radical change in such issues—a change to which he had sought no legal right—it was no hardship to require him to pay the costs of the litigation already had. See also the case of *Pierce v. Butters*, 21 Kas. 124, which further illustrates the proposition we have been discussing.

We think, therefore, that it was not in furtherance of justice to tax the entire costs of the case to the plaintiff as a condition of filing a bill of particulars in the district court, and that the court in so ruling erred; and that the judgment must be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.