ROBERT MILLS V. LYDIA R. MILLS.

1. REPLEVIN — *Affidavit* — *Assessing Value of Property.* In an action of replevin in the district court, the value stated in the affidavit is not conclusive upon the jury, but they may assess the value of the property detained at any amount which the proof may show, within the value alleged in the petition.

2. ——— *Verdict; Interest; Practice.* In assessing the value or amount of recovery, the jury should include in their verdict any interest found to be due; but where the rate of interest and the dates between which it is to be reckoned are stated in the verdict, the court can determine the amount of the interest with absolute certainty, and may properly include the same in the judgment entered on such verdict.

*Error from Sumner District Court.*

REPLEVIN. Judgment for plaintiff *Lydia R. Mills,* on March 29, 1886. The defendant *Robert Mills* brings the case here. The opinion states the facts.

*Murray & Elliott,* for plaintiff in error.

*George & King,* and *Chas. Willsie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Lydia R. Mills brought this action against Robert Mills in the district court of Sumner county, to recover the possession of three horses, described in the petition as "One roan mare, five years old, of the actual value of

$125; one roan filley, two years old, of the actual value of $125; and one sucking horse colt, two months old, of the actual value of $25." The trial resulted in a verdict in her favor, finding that she was entitled to recover the possession of the property, and finding the value of the roan mare to be $125, the filley $100, and the colt $25, of the aggregate value of $250, with seven per cent. interest from August 11, 1885, which was the date of the commencement of the action.

There is a claim that the evidence is insufficient to support the verdict of the jury. This claim cannot be sustained.

Attention is called to the fact that the jury fixed the commencement of the action as the time from which interest should be computed upon the value of the property unlawfully detained, instead of the date when the defendant unlawfully obtained possession of the property. The evidence tends to show that the unlawful detention began about six months prior to the commencement of the action, and the jury should have computed the interest from that time. This mistake, if it may be so called, was made against the successful party, who does not complain, and therefore it cannot be made a ground of complaint by the plaintiff in error, who is benefited thereby. In the affidavit made to obtain the order of replevin, Lydia R. Mills placed the value of the roan mare at $100, while her value was fixed at $125 in the verdict. It is insisted that the value stated in the affidavit binds the plaintiff, and precludes her from establishing a greater value. The rule contended for obtains in procedure before justices of the peace, but there the affidavit may stand as the bill of particulars, and thus serve as the pleading under which the proof is offered. Besides, the statute governing jurisdiction before justices of the peace in actions of replevin declares that the value of the property shall not be assessed against the defendant at a greater amount than that sworn to in the affidavit by the plaintiff. (Comp. Laws of 1879, ch. 81, § 62.)

No like provision, however, is made for the trial of such causes commenced in the district court. The affidavit required by § 177 of the civil code is not a pleading in the cause, and

cannot control in the offering of testimony or in establishing the value of the property detained. (*Hoisington v. Armstrong*, 22 Kas. 110.) It serves to obtain an order of delivery, and the value stated in the affidavit fixes the amount of the undertaking, but it does not govern the court or jury in assessing the value of the property detained. The value stated in the petition limits the amount of the assessment, but within that limit the jury may increase or decrease the value alleged in the affidavit. (*Crawford v. Furlong*, 21 Kas. 698.)

A final ground of reversal is, that the court gave judgment for a larger sum than the verdict of the jury warranted. The verdict was for $250, and seven per cent. interest from August 11, 1885; and the judgment rendered on March 29, 1886, was for $261, which amount was to draw interest from the date of rendition. It would have been more formal if the jury had computed the interest and included it in their verdict; but as the rate of interest is specified, and the dates between which it was to be reckoned are stated in the verdict, no mistake can be made in the calculation. The court can determine the amount of the interest from the face of the verdict with absolute certainty; and this appears to have been done, and therefore it was properly included in the judgment. (*Citizens' Bank v. Bowen*, 25 Kas. 117; *Wilson v. Means*, 25 id. 83.)

We find no error in the record, and will therefore affirm the judgment.

All the Justices concurring.