# SOUTHERN DEPARTMENT.

## WESTERN DIVISION.

THE ORD NATIONAL BANK v. P. J. MASSEY, *Special Constable.*

### No. 153.

1. PRACTICE—REMITTITUR—*Separable Parts of Controversy.* Where an instruction was unquestionably correct, and in obeying it the jury were bound to return and did return a verdict in plaintiff's favor as to one of two separable parts of the matter in controversy, it was reversible error for the trial court to set aside the verdict as a whole, on account of the refusal of the plaintiff to remit that part of the verdict not affected by such instruction.

2. ERRONEOUS INSTRUCTIONS—*Presumption Concerning, by Appellate Court.* Where an issue of fraud and collusion between the execution debtor and the execution creditor was not raised by the pleadings but was submitted to the jury by the court in its instructions, the appellate court will presume, in support of the action of the trial court in requiring plaintiff to remit the portion of the verdict which was based upon such instructions, that the court's action resulted from its recognition of the error in such instructions.

Error from Wichita district court; V. H. GRINSTEAD, judge. Opinion filed December 16, 1897. Modified.

*A. P. Barker,* for plaintiff in error.

*Milton Brown,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was begun by the plaintiff in error, as plaintiff below, to recover the possession of certain horses which plaintiff claimed were wrongfully detained from it by the defendant, P. J.

Massey. Plaintiff claimed the property by virtue of two chattel mortgages. Its petition alleged that it is a Nebraska corporation; that on April 16, 1888, one George W. Hale, then a resident of that state, executed and delivered to J. S. Beauchamp a promissory note for $400, and, to secure the same, executed and delivered a chattel mortgage upon thirteen head of horses; that the mortgage was, on the 28th day of April, 1888, filed for record in Garfield county, Nebraska, where the property was then kept, and that afterward, and before the maturity of the note, Beauchamp indorsed the note to plaintiff and delivered the same, together with the chattel mortgage, to plaintiff. The petition further alleged, that Hale made and delivered to Fred. L. Harris, on December 3, 1888, his promissory note for $339.35, and to secure the same executed and delivered to Harris a mortgage upon seven other horses; that before the maturity of that note Harris indorsed the same to plaintiff and delivered it, together with the mortgage, to plaintiff. In this mortgage the residence of Hale is stated to be Wichita county, Kansas, and the provision against the removal of the property refers to Wichita county. The last-named note became due on January 5, 1889. It was also alleged that under the laws of the state of Nebraska a mortgage of personal property, or a copy thereof, must be filed in the office of the county clerk of the county in which the mortgaged property is, in order to be notice to subsequent purchasers, incumbrancers, and creditors in good faith. The petition further alleged that Hale removed the mortgaged property to Wichita county, Kansas, and there executed to one George W. Oliver a second chattel mortgage thereon without the consent of plaintiff; also, that said goods and chattels had been levied on

"under and by virtue of a pretended writ of execution issued on a pretended judgment wherein George W. Oliver is plaintiff and George W. Hale defendant, as the property of said Hale." The last-named mortgage was filed for record on the 22d day of February, 1889. Defendant's answer contained a general denial only.

Plaintiff's evidence tended to prove all the substantial allegations of the petition in relation to the mortgages and the mortgaged property and to establish the value of the same as being about $800. The defendant's evidence showed that he held the property under three executions which had been issued by a justice of the peace upon three judgments bearing date of February 18, 1889, in three separate actions brought by G. W. Oliver against George W. Hale upon the promissory notes, and that Hale had confessed judgment in each case. It appears that the defendant gave a redelivery bond and sold the property under the executions, Oliver becoming the purchaser thereof. In rebuttal, plaintiff sought to attack these judgments for fraud and collusion on the part of Hale and Oliver. The court submitted the question of the good faith of the parties in this transaction to the jury. The jury returned a verdict in favor of plaintiff, finding the value of the property to be $755. The jury also made certain findings of fact at the request of plaintiff, and others at the request of defendant. During the introduction of plaintiff's evidence leave was asked to amend its affidavit in replevin so that the same should allege ownership under the chattel mortgages instead of a general ownership, but the court refused to allow the amendment.

After the verdict, and while the court was considering defendant's motion for a new trial, plaintiff of-

fered to remit from the amount of the verdict a total
of ninety-five dollars, the same being the value of
three of the animals as found by the jury.   The court
ordered that unless the plaintiff would remit from the
amount of the verdict the value of all of the property
described in the petition as being embraced in the
second mortgage mentioned therein the motion for a
new trial would be sustained.   To this plaintiff ex-
cepted, and declined to make such remittitur.   The
court thereupon sustained the motion to set aside the
verdict and grant a new trial and entered an order
accordingly.   Plaintiff brings the case here to review
the action of the trial court.

We find that the court instructed the jury that
plaintiff had proven that it was, at the date of the
commencement of the action, entitled, as against the
defendant, to the possession of the property described
in the mortgage from Hale to Beauchamp ; that he had
duly demanded of defendant the return of the prop-
erty, which was refused, and that they should so find,
and should also find the value thereof.

This instruction was unquestionably correct under
the facts and the law, and was in strict accordance
with the decision of the supreme court in this case
when the same was before that court for review of the
action of the trial court in sustaining a demurrer to
plaintiff's evidence on the first trial.   The trial court
held that plaintiff could not recover under the mort-
gage we have last above mentioned, for the reason that
it was not recorded in Wichita county, Kansas, be-
fore the executions were levied.   The syllabus in the
case of *Ord National Bank v. Massey*, 48 Kan. 762, is
as follows :

"The constructive notice imparted by the registra-
tion of a chattel mortgage in the county and state

where executed is not confined to that county and state, but protects the interests of the mortgagee, when the property is removed by the mortgagor to another state, by the law of comity between states.''

The verdict of the jury was therefore binding upon the court as to that property, and plaintiff's failure to remit as ordered furnished no ground for setting aside the entire verdict.

The refusal of the trial court to permit the amendment of the affidavit in replevin is not properly reviewable in the present status of the case. It may be observed, however, that plaintiff's request should have been granted. Counsel for defendant in error now contend that as plaintiff's replevin affidavit averred a general ownership of the property, while the petition alleged a special ownership under the chattel mortgages, plaintiff could not recover in this action. Counsel are in error in this claim. The affidavit is filed to procure an order for the delivery of the property therein described to the plaintiff. When this is done there is no further purpose to be served by the affidavit.

In the case of *Crawford v. Furlong*, 21 Kan. 698, the supreme court held that it was not error for the district court to permit the petition to be so amended that the value of the property was changed from $240, as stated in the replevin affidavit, to $375. In the syllabus this proposition is stated :

''The affidavit of a plaintiff in an action of replevin to obtain an order for the delivery of the property is no part of the pleadings, and the facts therein set forth form no part of the issues in the case.''

Substantially the same declaration is made in the syllabus in the case of *Hoisington v. Armstrong*, 22 Kan. 110. In *Wilhite v. Williams*, 41 Kan. 288, the

court cites the foregoing cases, and, referring to a trial in the district court, uses the following language :

" There the purpose of the affidavit is to obtain an order of delivery, and its allegations cannot be used to supplement the material averments required to be stated in the petition. It is no part of the pleadings in the case, and the facts therein form no part of the issues unless contained in the pleadings."

From the foregoing, we conclude that under the pleadings in the case a verdict in plaintiff's favor must be held to have been unaffected by the statement in the replevin affidavit as to the nature of plaintiff's ownership.

As to the issues concerning the property mortgaged by Hale to Harris, it may be observed that the petition did not allege fraud or collusion, and that no issue of this kind was raised except by means of the testimony introduced and sought to be introduced by plaintiff in rebuttal, and by references to it in the court's instructions. The judgments were rendered, executions issued and levies made several days before the last-named mortgage was recorded. If the plaintiff desired to assail these judgments it ought to have indicated such disposition by proper allegations in its petition.

We are not apprised of the reasons which influenced the court to require the remittitur. The one we have suggested may have been taken into consideration. In the present state of the record, we do not feel warranted in holding that the trial court would have committed substantial error in granting a new trial as to the property described in the mortgage from Hale to Harris. It is not necessary to refer to other contentions of counsel. The order of the trial court will be reversed in respect to the property described in the

mortgage to Beauchamp and affirmed as to the other property, and the case will be remanded with instructions to the trial court to enter judgment in favor of plaintiff in error for the recovery of the first-mentioned property or its value, and to grant a new trial as to the last-mentioned property. The costs in this court will be divided.