The judgment is reversed, and the cause remanded for a new trial.

All the Justices concurring.

---

ED. GOULD *et al.* V. E. F. HARTWIG.

No. 14,117.      (80 Pac. 976.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Correction of Verdict.* In an action on an appeal bond given in a forcible-detention case the court instructed the jury that the only issue was the rental value of the property detained between two certain dates, the amount thereof to be doubled by the jury, and interest thereon to be added for a time specified, with the costs of the forcible-detention action, shown by the evidence to be a sum certain. It was apparent from the verdict that the jury erred in calculating interest, allowing nine dollars too much. *Held*, that the court did not err in entering judgment for an amount less the excess.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed May 6, 1905. Affirmed.

*Conly & Conly,* for plaintiffs in error.

*O. G. Eckstein, Kos Harris,* and *V. Harris,* for defendant in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: E. F. Hartwig recovered a judgment in the city court of the city of Wichita against Ed. Gould and two others for the unlawful detention of a storeroom in that city. Defendants in the action appealed to the district court, and on Octo-

Gould v. Hartwig.

ber 3, 1902, executed a bond conditioned that if on further trial of the cause judgment should be rendered against them they would pay double the value of the use and occupation of the room from the date of the undertaking until the delivery of the property pursuant to the judgment, and all damages and costs. The appeal was dismissed in the district court, and this action was brought thereafter to recover on the appeal bond.

The court instructed the jury that the only issue in the case was the reasonable rental value of the premises from October 3, 1902, to May 20, 1903, and that the amount of damages recoverable by plaintiff would be double such rental value for the period named, with interest thereon at six per cent. per annum from May 20, 1903, to the day of trial, April 22, 1904, together with costs claimed by plaintiff. The verdict was as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find for the plaintiff, E. F. Hartwig, and against the defendants, and each of them, and assess the amount of his recovery at $42.50 per month ($696)."

On a motion for judgment notwithstanding the verdict, filed by defendants, counsel for Hartwig asked the court for permission to remit a part of the amount found by the jury to be due, and thereupon the court reduced the amount to $687, to draw interest from June 2, 1904, and entered judgment therefor. Of this *remittitur*, and the action of the court thereon, plaintiffs in error complain. It is the only question of error in the case.

In the instructions given the court narrowed the inquiry to be made by the jury to the rental value of the property within specified dates. This was found to be $42.50 a month, which would amount to $321.60; twice this is $643.20. Six per cent. interest on this sum, from May 20, 1903, to April 22, 1904, is $35.73,

Gould v. Hartwig.

which, with $8.50—the amount of costs in the forcible-detention case—added, makes a total of $687, the amount for which the court entered judgment, reducing the amount of the verdict $9.

It is contended that the figures $696 in the verdict, placed in parentheses, cannot be considered. The court does not agree with counsel in this contention. The figures show that the jury doubled the rental value. Without this the verdict would have been a nullity. (*Henrie v. Buck*, 39 Kan. 381, 18 Pac. 228.) It is apparent that the jury made an error amounting to $9 in calculating interest, which was remitted. (*C. K. & W. Rld. Co. v. Watkins*, 43 Kan. 50, 59, 22 Pac. 985.)

Reading the instruction in connection with the facts found in the verdict, showing the amount of the rental value of the property, the court could determine with mathematical certainty the amount of damages to which plaintiff was entitled. (*Mills v. Mills*, 39 Kan. 455, 18 Pac. 521.) As applicable to the question we quote the quaint language of Lord Hobart in the old case of *Foster v. Jackson*, 1 Hob. 124, 129:

"But howsoever the verdict seem to stray, and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict, yet if a verdict may be concluded out of it to the point in issue, the court shall work it into form, and make it serve."

The judgment of the court below is affirmed.

All the Justices concurring.