GEORGE W. LININGER ET AL., PLAINTIFF IN ERROR, v. NATHANIEL HERRON, SHERIFF, DEFENDANT IN ERROR.

**Chattel Mortgage:** SALE BY MORTGAGEE: RIGHTS OF CRED-ITORS. A mortgagee of goods which were subject to the claims of other creditors, sold such goods at private sale. *Held*, That as against such creditors he must account for the value of the goods. Second, the question of value was one for the jury to determine.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hazlett & Bates* and *L. W. Colby*, for plaintiff in error, cited: *Blue Valley Bank v. Bane & Co.*, 20 Neb., 294. *Gillespie v. Brown & Ryan Bros.*, 16 Id., 462.

*Pemberton & Bush* and *T. D. & J. E. Cobbey*, for de-fendant in error, cited: Wells Res Adjudicata, Sec. 615. *Gee v. Williamson*, 27 Am. Dec., 628. *Sibbald v. U. S.*, 12 Peters, 488. *Hiatt v. Brooks*, 17 Neb., 33. *Adams Co. v. R. R. Co.*, 55 Iowa, 94. *Bonns v. Carter*, 20 Neb., 566.

MAXWELL, J.

This case was before this court in 1885, and is reported in 18 Neb., 450. And it was held that, as against other creditors, the plaintiffs acquired by their chattel mortgage only the right to have a sufficient amount of the goods sold to satisfy their claims, and the balance was a trust fund for the benefit of other creditors, and the plaintiffs must account for such surplus. The plaintiffs, after taking possession of the store and goods of J. B. Lininger, the debtor, began selling the goods at private sale in payment of the debts alleged to be due the plaintiffs, and it was

held in effect that the plaintiffs must account for the actual value of the goods, there being no foreclosure of the mortgage. It is said, pp. 453, 454: "There is testimony in the record tending to show that the value of the goods did not exceed the sum of $5,000 when the transfer was made. The invoice, however, shows the value to have been nearly twice that sum. This property was a trust fund for the payment of the debts of J. B. Lininger, and he could not, as against creditors, transfer a greater amount to the plaintiffs than sufficient to pay their claims. As to any excess, they hold the same as trustees for the benefit of creditors of J. B. Lininger.

"While the plaintiffs have a claim upon these goods for the amount of their debts, other creditors also have rights in the premises that must be protected. It is evident that the value of the goods is nearly sufficient to pay all claims of both the plaintiffs, and those in the hands of the defendant."

The cause was then remanded to the district court, and on the second trial a jury was waived and the cause submitted to the court, which found as follows:

"This court does not understand from the opinion and mandate that the case has been reversed and sent back for trial de novo, nor that the parties have rights to be heard either in evidence or argument as to the validity or effect of the bill of sale to plaintiffs, but that the case is finally adjudicated so far as the supreme court has expressed itself.

"That the liens have been marshaled by the supreme court, and this court has been commanded to apply the funds accordingly, on the basis of values indicated in the court above.

"If it were an open question this court would find from the preponderance of evidence that the plaintiffs in disposing of the goods acted in good faith and used sound skill and discretion, and realized $5,075 as a practical demon-

stration of the value, and that that was the value of the goods, but the evident intention of the supreme court could not be carried out with such a finding.

"Following the opinion of the supreme court, that the invoice of $9,663, with the testimony in support thereof, is the preponderance of the proof of the value, I take that invoice and deduct fifteen per cent thereof for overestimate on account of loss by break up of business and thereby discredit of goods, and by making same second stock, and find the value to be $8,213.55.

"I find also that at the time of the taking by plaintiffs their debt amounted to $4,906.66, and that at the first day of the present term the attachment debts represented by defendant amounted to $3,750.76.

"That the surplus of goods taken by plaintiffs amounted to $3,306.89, which, with interest from the time of the taking, amounted to more than the amount due defendant. That the surplus goods have been disposed of and cannot be returned."

This court did not intend to find the value of the goods, and did not do so. It simply called attention to the fact that the invoice showed the value of the goods to exceed nine thousand dollars, while there was other evidence tending to show that the value of the goods did not exceed the sum of five thousand dollars. The question of the actual value of the goods and property of J. B. Lininger, appropriated by the plaintiffs, is one of fact to be determined in the first instance by a jury.

While the testimony tends to show that the plantiffs' claims are *bona fide* and entitled to be paid, yet no more of the debtor's property can be applied to the satisfaction of such claims than is actually necessary. The surplus belongs to other creditors of J. B. Lininger, and it would be unjust to permit the plaintiffs to retain any portion of the same in excess of their just claims.

A creditor of a failing debtor has no right to receive

more of the debtor's property than· will satisfy his claim, when the effect of such transfer will be to defraud other creditors. Good faith, fairness, and integrity lie at the foundation of commercial prosperity, and it is the duty of courts to uphold these wherever it is possible to do so. As this court in its former judgment made no findings as to the value of the goods, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.