[No. 1662.]

HOY ET AL. v. LEONARD.

1. PRACTICE—PLEADING—TIME FOR FILING COMPLAINT.

The provision in section 32, civil code, that if the complaint be not filed within ten days after the summons is issued, the action may be dismissed without notice, is not mandatory, but the dismissal is a matter within the discretion of the court and should not be arbitrarily exercised.

2. SAME—WAIVER.

Where a complaint was filed more than ten days after the issuance of summons and the defendant appeared and filed a motion to strike a part of the complaint before interposing a motion to dismiss on the ground that the complaint was not filed in time, he is held to have waived objection to the filing of the complaint.

3. REPLEVIN—OWNERSHIP—PLEADING.

A complaint that alleged that plaintiff by virtue of certain chattel mortgages was the owner of the property sued for in replevin sufficiently alleged a special ownership to sustain the complaint as against a general demurrer.

*Error to the District Court of Yuma County.*

Mr. QUITMAN BROWN, for plaintiffs in error.

Mr. AUGUSTUS MUNTZING and Messrs. WELLS & TAYLOR, for defendant in error. .

VOL. XIII—29

WILSON, J.

This was an action in replevin to recover the possession of some cattle to which the plaintiff, Leonard, claimed to be entitled by virtue of certain chattel mortgages held by him. Verdict of the jury was in favor of plaintiff for a certain number of head of the cattle sued for, and of the defendants for the remainder, and judgment was rendered accordingly. There is no bill of exceptions, the defendants claiming that the errors complained of sufficiently appear in the record proper. Unfortunately, however, the record is exceedingly imperfect and defective. A mass of papers, some of them incomplete, are thrown together without any regard to chronological order, and nowhere is it shown what disposition was made by the court of the demurrer and various motions interposed by defendants; and no exceptions are anywhere disclosed. Under these circumstances, we might be justified in dismissing the cause on the ground that there is no proper record before us, and no exceptions are shown. Or we might affirm the judgment without discussion of the assignments of error, under the well settled rule that the proceedings in the trial court are presumed to be regular and proper, unless the contrary appears from the record or bill of exceptions. However, it is barely possible that there may be enough in the record to justify our consideration of the two principal errors assigned and relied upon, and we will give defendants the benefit of the doubt.

The suit was commenced by the issuance of a summons on April 30, 1896. The complaint was not filed until twenty days thereafter, to wit, May 20. On July 14 following, the defendants appeared and filed a motion to strike a part of the complaint. It does not appear that this motion was ever called up, or that any action was had upon it, nor that any proceedings at all were had in the cause until more than nine months thereafter, when, on April 22, 1897, the defendants filed an answer, and on the same day a motion to dismiss the action because the complaint had not been filed

within ten days after the issuance of the summons. It does not appear from the record that any action was ever taken on this motion, but the case is argued upon the assumption that it was denied. Granting this, it was not error. The provision in code, section 32, that if the complaint be not filed within ten days after the summons is issued the action may be dismissed without notice, is not mandatory. *Knight v. Fisher*, 15 Colo. 176; *Burkhardt v. Haycox*, 19 Colo. 339. By these cases it is held that this is a matter within the discretion of the court, and should not be arbitrarily exercised. In view of the fact alone that defendants did not interpose this motion until nearly one year after the filing of the complaint, it would seem to conclusively appear that there was no abuse of discretion in denying the motion. Moreover, even if the motion had been filed earlier, it should not have been sustained, because the code provision being not mandatory it might be waived by a defendant, and in this instance it was waived by their entering a general appearance and presenting a motion to strike a part of the complaint, previous to their interposing the motion to dismiss.

On April 24, 1897, the defendants filed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. The record does not disclose that this demurrer was ever taken up or considered, or that the court made any ruling in reference to it. However, under the general rule that such an error, if it exists, may be suggested and considered in this court, we will determine the question. The demurrer was without merit and should have been overruled, if it was not. The complaint sufficiently alleged the special ownership of plaintiff in the property by virtue of the mortgages, and that he was entitled to the possession. The first clause in the complaint alleges: "That on the 28th day of January, 1896, near Wray, Yuma county, Colorado, the plaintiff by virtue of two certain chattel mortgages for the sum of $75.00, and one mortgage for $200, duly filed with the county clerk and recorder of Arapahoe county, on page 131, book 1060, and

page 20,612, book 990, was the owner of the following neat cattle and chattels," etc.   It is possible that a motion to make the complaint more specific might have been sustained, but this was not attempted.   We do not think the complaint was obnoxious to a general demurrer.

The instructions taken as a whole seem to have given the law correctly, and we fail to see any error which would justify a reversal of the judgment.   It will, therefore, be affirmed.

*Affirmed.*