## BROYLES *et ux.* v. McINTEER.

No. 1037. Opinion Filed November 14, 1911.

1. **REPLEVIN—Scope of Action—Rights Determinable.** The statutory action of replevin is sufficiently flexible to authorize both legal and equitable rights to be determined in such actions.

(a) It is the policy of the code, in so far as possible, to settle all the equities in the property which is the subject of controversy in one action.

2. **SAME—Pleading—Scope of General Denial.**—Under general denial in replevin, the defendant may make any defense which will defeat plaintiff's claim or right to possession as against the defendant, and under the code great liberality is allowed such defenses.

(Syllabus by the Court.)

*Error from County Court, Garfield County; James B. Cullison,*
*Judge.*

Action by Pat McInteer against J. W. Broyles and wife.
Judgment for plaintiff, and defendants bring error. Reversed
and remanded.

*Adam S. Garis,* for plaintiffs in error.

WILLIAMS, J. This proceeding in error is to review the
judgment in the lower court, wherein the defendant in error, as
plaintiff, instituted an action in replevin against the plaintiffs
in error, as defendants, for the possession of "two gray mares,
one cow, one calf, two-thirds of the corn in the field and two-
thirds of all other crops on the farm" of the plaintiff, located in
Garfield county, Oklahoma, alleging a special ownership therein,
by virtue of a chattel mortgage, executed March 7, 1908, to se-
cure the payment of a promissory note for $513, and right to im-
mediate possession, and a wrongful withholding from plaintiff
(defendant in error) of possession. Defendants answered, deny-
ing the special ownership of the plaintiff, as alleged, and his
right to the possession of said property, except as to the two
gray mares. They further admitted the execution of the note
and mortgage, but averred that plaintiff obtained the same by
fraud and deceit; that the consideration failed; and prayed that
said note and mortgage, together with a conveyance executed to
the plaintiff by defendants on certain improvements on two lots
in the Steel Plant Addition to the city of Enid, and an assignment
of contract for said two lots, be declared null and void, and also
for judgment for the redelivery from plaintiff to defendants of
the possession of said personal property so taken, and, in case
possession thereof could not be had, for judgment for the value
thereof and of the improvements described in said conveyance,
and their reasonable costs and damages.

It is alleged that the fraud and deceit consisted in the fol-
lowing acts:

That the defendants purchased two gray mares and two gray

horses of the plaintiff on March 7, 1908, and gave the note and mortgage in ·evidence in payment for said mares and horses, and at the same time the defendants sold the plaintiff their interest in two lots in Enid, and the improvements thereon, for $325, and executed to him a conveyance therefor and the assignment of contract for the lots, the $325 to be credited on said note; that at the time of said contract the plaintiff expressly warranted the said mares and horses to be sound, able-bodied, and fitted for farm work and not over the ages of eight, nine, and ten years, upon which representations and warranties the defendants relied, etc.  That the said mares and horses were neither sound nor able-bodied nor fitted for farm work, and were above the age of ten years, and were of ages ranging from fourteen to eighteen years, all of which was unknown to defendants but was known to plaintiff; that they relied upon his statements and were thus deceived and defrauded by him; and that within a few weeks after the purchase and delivery to them of said mares and horses, the two horses died from disease and old age, and they then rescinded their contract with the defendant in error, offered to return to· him the remaining two mares, and demanded the return of the note and mortgage and bill of sale (conveyance) and assignment of contract for the two lots, etc.

The plaintiff replied to the answer.  At the close of the evidence the defendant in error (plaintiff) moved the court to direct a verdict in his favor for the personal property replevied, on the ground that whatever defenses the plaintiffs in error had could only be raised by them in proceedings to foreclose said mortgage, and not in that action.  The motion was sustained.

In *Payne v. McCormick Harvesting Machine Company,* 11 Okla. 318, 66 Pac. 287, it is said:

"On the trial of the cause the defendant submitted two defenses to the right of the plaintiff to recover the property.  One defense went to the right of recovery of the debt which the mortgage was executed to secure, and the other to the validity of the lien created by the mortgage.  The first defense was that the defendant had purchased a harvester from the plaintiff in 1894, and that it was guaranteed to do good and satisfactory work;

that the machine was defective and improperly constructed, and would not do good work; that the company was notified, but kept promising from time to time to make the needed repairs and changes, until the year 1898, when the new note was given. That at the time the new note was executed, and as an inducement to get the defendant to execute the new note and mortgage, plaintiff's agent agreed that if the defendant would execute a new note and secure the same by a chattel mortgage, the machine company would put the machine in good condition, and make it do satisfactory work in time for the following harvest, and that relying on these promises he signed the note and executed the mortgage, but that the plaintiff had entirely failed to comply with said agreement. There was evidence tending to support this defense, although it was contradicted in part. The other defense which was offered by the defendant and was by the court excluded, was to the effect that the plaintiff's agent, who obtained the note and mortgage, had fraudulently procured him to execute a mortgage upon the crops for 1899, when he in fact only intended to mortgage the growing wheat crop of 1898; that he was unable to read and directed the plaintiff's agent what property to describe in the mortgage, and that said agent incorporated other property in the mortgage without his knowledge, and then fraudulently misread the mortgage to the defendant, and thus obtained his signature by said deception and fraud. The first defense went to the right of recovery on the note, and consequently to defeat any lien. The second defense was intended to defeat the lien only. It will be borne in mind that this was not an action to recover on the debt, but was an action in replevin to recover possession of the property for the purpose of enabling the plaintiff to foreclose its mortgage by a sale of the mortgaged property. The court permitted but one defense to go to the jury, and the instructions should have been confined to the law as applicable to the evidence on the issues made. The question of whether the parties had failed to comply with the terms of the written contract under which the machine was originally sold was not involved, except as incidental to, and explanatory of, the reasons for any subsequent or new agreement. The plaintiff was entitled to recover the mortgaged property unless the defendant had established the new agreement, and the failure to comply with it by the plaintiff, as contended for by him, and as it was claimed was entered into as an inducement to the giving of the note and mortgage."

In *McFayden et al. v. Masters,* 11 Okla. 16, 66 Pac. 284, it is said:

"Great latitude is allowed in actions of replevin, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions, and it is the policy of the code to, in so far as possible, settle all the equities in the property which is the subject of the controversy, in one action."

It is not essential to determine in this case whether the county court had authority to order the bill of sale or conveyance to the lots canceled and delivered back to the plaintiffs in error. It is sufficient that the evidence as to fraud, under the issues, was competent for the purpose of showing that the plaintiff was not entitled to recover on the note, and when that was established the lien was defeated. Under the abstract and statement of facts in the brief of plaintiffs in error, the cause should have been submitted to the jury under proper instructions. We have also examined the record, and it seems to bear out the abstract and statement of facts.

The defendant in error has neither made any appearance in this court through counsel nor filed any brief. While it is a settled rule of practice that, in order to secure a reversal of a judgment of a court of competent jurisdiction, error must be made to affirmatively appear, and that the reviewing court will presume that the trial court has done everything necessary to have been done to support its judgment, yet a defendant in error should not rest upon the security of this presumption to such an extent that he does not in any way in this court seek to sustain such judgment. For the taxpayers of this state maintain this court, and litigants availing themselves of its services should, by every endeavor, seek to expedite its business, so that an unnecessary burden may not be put on the taxpayers by having the judges consume unnecessary time in searching through the records, when

the litigants could, by filing briefs, avoid this and thereby aid the court, so that it could better keep up with its work.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial.

All the Justices concur.