## ACKERMAN v. C. C. CHAPELL HARDWARE CO.

No. 3089.   Opinion Filed December 23, 1913.

(137 Pac. 349.)

1.  **JUSTICES OF THE PEACE**—Appeal—Bill of Particulars—Necessity—Replevin.   Where, in an action in replevin in a justice's court, the affidavit for replevin contains everything that is necessary to be stated in a bill of particulars, and no objection is there urged, a subsequent objection that no bill of particulars had been filed, made on appeal to the county court, will not be deemed sufficient cause for reversal, though the court on appeal might properly have required the filing of new or amended pleadings.

2.  **SAME**—Pleading.   The right to file new pleadings in the county court, on appeal from a justice of the peace court, depends upon whether it is in furtherance of justice to permit such pleadings to be filed, which is to be determined by the county court in the exercise of a sound judicial discretion.

3.   **TRIAL—Order of Proof—Discretion.** The order in which evidence shall be received must to a great degree be left to the sound discretion of the trial court, and, unless it is made to ·appear that such discretion has been abused, no reversal will be had.

4.   **CHATTEL MORTGAGES—Priority of Liens—Payment of Prior Mortgage.** Upon the voluntary payment of a chattel mortgage indebtedness by the mortgagor, a second mortgage on the property included in the original mortgage, eo instanti, becomes a first and prior lien thereon, ·and the holder of such mortgage is entitled to recover possession of the mortgaged property according to the terms of his mortgage.

5.   **SAME—Stipulation Against Second Mortgage—Effect.** A provision in a chattel mortgage that the mortgagor shall not make a second mortgage or lien upon the mortgaged property, without the written consent of the mortgagee, and such consent is neither asked nor given, does not thereby make void, as against one claiming under a second mortgage, a mortgage given in violation of said provision.

(Syllabus by Sharp, C.)

*Error from County Court, Pottawatomie County;*
*Ross F. Lockridge, Judge.*

Action by the C. C. Chapell Hardware Company against J. N. Ackerman. Judgment for plaintiff, and defendant brings error. Affirmed.

*A. M. Baldwin, W. W. Pryor, C. G. Pitman,* and *A. J. Carlton,* for plaintiff in error.

*Mark Goode* and *Roscoe C. Arrington,* for defendant in error.

Opinion by SHARP, C. This is an action in replevin begun in a justice of the peace court in Pottawatomie county on March 7, 1910, by defendant in error, against plaintiff in error, to secure the possession of a span of mules at the time in the possession of the latter. No bill of particulars was filed; the affidavit in replevin being considered and treated as a bill of particulars. In said affidavit it was set out that the plaintiff was the holder of a mortgage on said mules and claimed a special interest in them by reason of the fact that an indebtedness of $172.45, secured by said mortgage, remained due and unpaid; that defendant had, subsequent to the execution of said mort-

gage, acquired possession of said mules, and, although requested to deliver them to plaintiff, wrongfully refused so to do. The affidavit in replevin complies fully with the requirements of the statute (section 5399, Rev. Laws 1910) as to what such affidavit shall contain, and no objection on that account is made. Trial being had in the justice court, plaintiff was awarded possession of the mules, and defendant appealed to the county court, where trial was had before a jury, resulting in a judgment for the plaintiff for the mules, or for the value of plaintiff's interest therein. From this judgment the defendant below has appealed to this court.

The first assignment of error urged is that the court erred in overruling defendant's objection to the introduction of evidence by the plaintiff for the reason that no bill of particulars had been filed. Is it necessary, therefore, that a bill of particulars be filed in a justice of the peace court in an action of replevin, or will an affidavit in replevin, containing all the elements necessary to constitute a good bill of particulars, suffice? Section 5414, Rev. Laws 1910, provides:

"In all cases before a justice, the plaintiff, his agent or attorney, shall file with such justice a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars if he claim a set-off, and the evidence on the trial shall be confined to the items set forth in said bill."

Section 5399, *supra*, provides what an affidavit in replevin shall contain. It does not appear that any objection was made to plaintiff's failure to file a bill of particulars in the justice court; the question for the first time being raised on appeal in the county court. Both statutes mentioned were adopted from Kansas, the Supreme Court of which state has twice determined the identical question here presented. In *Starr v. Hinshaw,* 23 Kan. 532, the court said:

"This was an action of replevin brought by Andrew Hinshaw against William T. Starr before a justice of the peace, to recover 28 head of sheep and lambs. The action was regularly brought and tried, except that the plaintiff did not file any formal bill of particulars. The plaintiff, however, and the justice, treated the plaintiff's affidavit, upon which the summons and order of

delivery was issued, as a bill of particulars. We perceive no error in this. The affidavit contains everything that is necessary to be stated in a bill of particulars; and, while a plaintiff in a replevin suit in a justice's court might very properly file an additional paper as a bill of particulars, yet if he chooses to use his affidavit as such, and the court permits him to do so, we do not think that any material error is committed. The statutes do not require that any additional paper be filed as a bill of particulars in a justice's court."

In *Casterline v. Day,* 26 Kan. 306, the same conclusion was reached; the court expressing its views as follows:

"It has been decided that an affidavit in replevin constitutes a sufficient bill of particulars, if unchallenged. *Starr v. Hinshaw,* 23 Kan. 532. True, the statute prescribes that, in all cases before a justice of the peace the plaintiff shall file a bill of particulars, but an affidavit in replevin states all the facts required to be stated in a bill of particulars, and hence in such cases a bill of particulars is necessary simply because of such technical provision of the statute. A trial and judgment upon simply the affidavit in the replevin action is, if not objected to, sufficient and valid, not only when attacked, but also when challenged by proceedings in error. 23 Kan. *supra.* Doubtless the district court on appeal may require new or amended pleadings. Justices' Act, sec. 122. But this only in furtherance of justice."

Section 5467, Rev. Laws 1910, requires that a case on appeal from a justice of the peace court shall be tried *de novo* upon the original papers on which the cause was tried by the justice, unless the appellate court in furtherance of justice allow amended pleadings to be made or new pleadings to be filed. *St. Louis & S. F. R. Co. v. Steele,* 37 Okla. 536, 133 Pac. 209; *Horton v. Early,* 39 Okla. 99, 134 Pac. 436. We are satisfied with the rule announced by the Supreme Court of Kansas in the cases quoted, and conclude that no error was committed by the trial court in overruling defendant's objection to the introduction of plaintiff's evidence.

The second assignment of error, that the court erred in admitting incompetent, irrelevant, and prejudicial evidence offered by the plaintiff, and objected to by the defendant, is evidently based largely upon the same argument as the first, namely, that all evidence was admitted improperly, there being no bill of

particulars filed, and is decided adversely to plaintiff in error's contentions for the reasons already stated. It is further said, however, under this assignment, that all evidence as to the mortgage held by the plaintiff (a second mortgage) was improperly admitted for the reason that at the time no evidence had been introduced to show the first mortgage had been discharged. This contention does not demand further consideration than to say that the order of evidence is a matter of administrative control, and is usually said to be within the court's discretion. *Standifer v. Sullivan et al.,* 30 Okla. 365, 120 Pac. 624; *McBride v. Steinweden et al.,* 72 Kan. 508, 83 Pac. 822; 1 Chamberlayne on Evidence, sec. 367.

Under the fourth assignment of error, counsel in their brief say:

"The principal contention, however, is that the court erred in overruling the demurrer to the defendant in error's evidence."

Apparently the theory of the plaintiff's case in the trial was that, although its mortgage when taken was a second mortgage, the first mortgage having subsequently been paid, thereby automatically its mortgage became a first lien; that, when Schiffman sold the mules to Lampe, they were sold subject to said mortgage, and likewise when the mules were sold by Lampe to defendant. Defendant in the county court sought to prove that under the provisions of the first mortgage the mules had been purchased by the mortgagee, Holman, for the bank of which he was cashier, and that a bill of sale had been given by Schiffman to the bank, and the bank had sold the mules to Lampe, who in turn sold them to defendant. This testimony, however, was squarely met by that of Holman and Schiffman. The former testified that he had never had the mules in his possession, nor had he sold them or contracted to sell them to anyone; that neither he nor the bank had taken the mules under the mortgage; and that the note given him by Schiffman, secured by the first mortgage, had been fully paid off and discharged. Schiffman, the mortgagor, testified that he sold the mules to Lampe, and made out a bill of sale to him, and not to the bank; and that there was no foreclosure of the mortgage, but instead, as already stated,

a sale by him to Lampe, on account of which transaction the mortgage note was paid. True, the purchaser, Lampe, testified that he obtained a bill of sale from the bank, but upon this conflicting testimony we are concluded by the jury's verdict. The manner, source, time, or means of payment, or by whom paid, are questions not presented for our consideration. Nor is the question of subrogation involved. No objection is made to the court's charge, nor is any objection urged in this court as to the testimony introduced or offered. We confine our decision on this question to the single issue that, by the payment of the note secured by the first mortgage, that mortgage was thereby satisfied.

Attention is called to a provision in the first mortgage which reads:

"The first party shall not make a second mortgage or lien upon said property, or remove the same from its location herein named, without the written consent of said second party."

We need only to say that, this clause in the first mortgage having been violated by the mortgagor, neither he nor those claiming through him can take advantage of it to the prejudice of the holder of the second mortgage. In New Hampshire, a statute forbade the making of a second mortgage of personal property without reference in it to the first, and it was held that a second mortgage executed in violation of the statute was not void; that the object of the statute was to secure the rights of the second mortgagee, and this would be defeated by holding the mortgage void; that, while the mortgagee might avoid the mortgage if he was to suffer, it could not be avoided by the mortgagor. *Leach v. Kimball*, 34 N. H. 568; Jones on Chattel Mortgages, sec. 39. See, also, *Tootle et al. v. Taylor et al.*, 64 Iowa, 629, 21 N. W. 115.

The fifth assignment of error is based upon the action of the court in overruling defendant's motion to direct a verdict in his favor. It does not appear from the record that such motion was ever filed, and the alleged error, therefore, cannot be considered.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.