## FORD *et al.* v. COWETA HARDWARE CO.

No. 5969.    Opinion Filed December 14, 1915.

(153 Pac. 865.)

1. **CHATTEL MORTGAGES—Payment of First Mortgage—Effect on Second Mortgage.** Upon the voluntary payment of a chattel mortgage indebtedness by the mortgagor, a second mortgage on the property included in the original mortgage, eo 'instanti becomes a first and prior lien thereon, and the holder of such mortgage is entitled to recover possession of the mortgaged property according to the terms of his mortgage.

2. **SAME—Effect of Second Mortgage—Question for Jury.** It was for the jury to determine, from all the circumstances surrounding the transaction, the effect of the execution of the second chattel mortgage between the same parties upon the prior mortgage covering the same subject-matter, because whether it constituted payment, or merely a renewal, depended upon the intention of the parties.

(Syllabus by the Court.)

*Error from County Court, Wagoner County;*
*W. T. Hunt, Judge.*

Replevin by the Coweta Hardware Company, a corporation, against **Dan Ford and others.** Judgment for plaintiff, and defendants bring error. Affirmed.

*W. A. Brigham,* for plaintiffs in error.

*Judson J. Hughes,* for defendant in error.

KANE, C. J. This controversy arose out of an action in replevin, commenced by the defendant in error, plaintiff below, against Dan Ford and C. W. Ford, plaintiffs in error, defendants below. The property involved consisted of one bay horse and one gray mare. Upon trial to a jury there was verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced. Hereafter the parties will be called "plaintiff" and "defendants," respectively, as they appeared in the court below.

Whether the action of the court below was right depends on whether a certain chattel mortgage held by the plaintiff was prior and superior to another chattel mortgage held by the National Bank of Commerce of Coweta, and the determination of this question depends upon whether a certain transaction between the Fords and the National Bank of Commerce constituted a renewal or a payment of still another chattel mortgage. The court submitted this question to the jury, upon the following instruction:

"But you are further instructed that, if you further find, from a fair preponderance of the evidence, that subsequent to the execution of the mortgage to the plaintiff the defendant Ford paid said indebtedness, or that said note was intentionally canceled, or marked paid by the bank, or its cashier, and that a new note for an increased amount beyond the principal and interest of the original note was executed, the same operated as a can-

cellation of the first mortgage held by the bank, and in that event plaintiff's lien became a prior lien as to the Bank of Commerce, although you may find that the defendant Ford executed a new note to said bank, in which the original indebtedness was included, and your verdict should be for the plaintiff."

This seems to be a correct statement of the law. In *Ackerman v. C. C. Chappell Hardware Co.*, 41 Okla. 275, 137 Pac. 349, it was held:

"Upon the voluntary payment of a chattel mortgage indebtedness by the mortgagor, a second mortgage on the property included in the original mortgage *eo instanti* becomes a first and prior lien thereon, and the holder of such mortgage is entitled to recover possession of the mortgaged property according to the terms of his mortgage."

As there was evidence reasonably tending to support the verdict of the jury, we are not at liberty to set the same aside. It was for the jury to determine from all the circumstances surrounding the transaction the effect of the execution of the second chattel mortgage between the same parties upon the prior mortgage covering the same subject-matter, because whether it constituted payment, or merely a renewal, depended upon the intention of the parties. *Brown v. Dunckel*, 46 Mich. 29, 8 N. W. 537.

We have examined the other assignments of error, and find them to be without merit.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.