**NICHOLSON v. BYNUM et al.**

No. 8040—Opinion Filed January 9, 1917.

(162 Pac. 740.)

**1. Chattel Mortgages—Effect of—Liens.**

Under the laws of Oklahoma a chattel mortgage creates a lien on the mortgaged property and does not convey title to the property.

**2. Chattel Mortgages—Construction—Priorities.**

Where the agreed value of chattels mortgaged to secure the payment of two separate and independent debts is insufficient to pay the first mortgage, the second mortgage being subject to the first, and after default the mortgaged chattels are delivered to the first mortgagee, and its note canceled and surrendered, the question whether or not the first mortgage was paid so as to give the second mortgage priority in right in the application of the proceeds of the sale of the chattels is largely a question of intention for the determination of the triers of the facts at issue in the cause.

**3. Same—Priorities—Burden of Proof.**

In such case the burden of proof was upon the second mortgagee to establish the fact that the first mortgage had been paid.

(Syllabus by Galbraith, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by O. R. Nicholson against C. F. Bynum, in which the State National Bank intervened. There was a judgment for intervener, and plaintiff brings error. Affirmed.

Utterback & McDonald, for plaintiff in error.

Hatchett & Ferguson, for defendants in error.

Opinion by GALBRAITH, C. This action was originally tried in the justice of the peace court. Upon appeal to the district court a jury was waived, and the cause tried to the court upon an agreed statement of facts, from which it appears that C. F. Bynum executed a note to the Durant National Bank for $284.80, and gave a chattel mortgage on some mules to secure the same; that the mortgage was properly filed and that afterwards Bynum gave a second mortgage on the same property to the plaintiff in error, O. R. Nicholson, to secure an indebtedness of $90; that this mortgage was also properly filed. Neither of said notes was paid at maturity, and the agreed statement of facts proceeds as follows:

"It is further understood and agreed that said C. F. Bynum delivered said property to the State National Bank, and that his note was by said Bank stamped 'paid' and torn up and turned over to said C. F. Bynum; that said first mortgage was not satisfied of record at that time or any other time; that thereupon the said O. R. Nicholson brought this replevin action in the justice of the peace court, which said note, so stamped and indicating the torn places thereon, is hereto attached and made a part of this agreed statement of facts. That on the day after the trial of this cause in the justice of the peace court the State National Bank proceeded to sell said property under notice as prescribed by statute, the said notice being dated the day after the trial of said cause in said justice of the peace court, said notice being hereto attached and such a part of this agreed statement of facts, and the sale thereof took place ten days later, to wit, June 22, 1915; that said property sold for the sum of $137.

"It is further agreed that the property was not of sufficient value to pay the first mortgage in favor of the State National Bank."

It is complained here that the judgment in favor of the bank is contrary to law and not supported by the evidence.

In Oklahoma a chattel mortgage creates a lien on mortgaged property in favor of the mortgagee, and does not convey title to the property. Smith-Wogon Hardware & Imp. Co. v. Bice, 34 Okla. 294, 125 Pac. 456, Ann. Cas. 1914C, 274.

Under the law and the agreed statement that the value of the property was not sufficient to pay the first mortgage, it would seem that there was nothing tangible to which the lien of the second mortgage could attach. However, it is insisted on behalf of the plaintiff in error that the first mortgage was paid by the delivery of the mortgaged property to the bank and the cancellation and surrender of its note to the mortgagor. Ackerman v. Chapell Hardware Co., 41 Okla. 275, 137 Pac. 349, and Ford v. Coweta Hardware Co., 49 Okla. 523, 153 Pac. 865, are cited in support of this contention. The rule announced in these cases is to the effect that upon the payment and cancellation of the first mortgage the second then existing becomes first and entitled to precedence in the payment from the proceeds of the sale of the mortgaged property. It does not seem, however, that this principle is applicable or controlling in the instant case. The question of payment is one largely of intention. Sheets v. Hocker, 34 Okla. 676, 128 Pac. 725. Whether or not the first mortgage, that of the bank, was paid as shown by the facts set out in the agreed statement does not clearly appear. It appears from the statement that when the bank's debt matured the mortgagor could not pay and delivered the property to the bank, and the bank canceled his note and surrendered it to him, and that then the

second mortgagee commenced this action in replevin to recover possession of the property in order that it might be subjected to the payment of his debt. The bank then posted notices of sale and proceeded to sell the property under its mortgage, and it did not sell for a sufficient sum to satisfy its debt.

All the acts of the bank are entirely consistent with a purpose and intent to retain and enforce its mortgage lien against the property. The burden was on the plaintiff, the second mortgagee, to establish the payment of the first mortgage. The trial court, in effect, found that this burden had not been sustained. We cannot say that there is not evidence reasonably tending to support this finding. Under the established rule of this jurisdiction that finding is conclusive upon this appeal.

The judgment appealed from is therefore affirmed.

By the Court: It is so ordered.