## HALTOM v. NICHOLS & SHEPARD CO.

No. 5895—Opinion Filed July 10, 1917.

(166 Pac. 745.)

(Syllabus by the Court.)

**1. Replevin—Actions—Nature of.**

An action of replevin is primarily a suit for possession of personal property, but it is the policy of the law to settle in one action all the conflicting claims of the parties to the possession of the property in controversy, and, where facts have arisen since the commencement of the action and before judgment which would vary the relief to which plaintiff would have been entitled at the commencement of the action, such facts may be alleged in a supplemental answer.

**2. Mortgages — What Law Governs — Lex Fori.**

The lex fori determines the remedy upon a mortgage executed in another state or country, and the procedure in an action to foreclose a mortgage is regulated by the laws of the state to which the property is removed and in which the mortgagee seeks to enforce his rights or in which any party interested seeks to pursue some claim against the subject-matter.

**3. Chattel Mortgages—Enforcement—What Law Governs.**

Where a mortgage was duly executed and filed in Kansas where the property was located and before its removal to this state, the courts of this state will recognize its validity and enforce its provisions unless in conflict with the rights of a citizen of this state under some statute in force herein, in which event the laws of the state will prevail.

**4. Attachment — Proceedings — Payment of Mortgage Debt.**

Where property mortgaged in Kansas is attached in this state, it is not necessary for plaintiff in the attachment to pay or tender to the mortgagee the amount of the mortgage debt.

**5. Attachment—Foreclosure—Conversion.**

Where property mortgaged in Kansas and afterwards brought into this state has been seized under an attachment, and the mortgagee, by means of an action of replevin, regains possession of said property and removes same out of this state and beyond the reach of process from the courts of this state without foreclosing its mortgage as prescribed by law or according to the terms of the power contained in the mortgage, such facts constitute a conversion of the property and work a destruction of the mortgage lien, and the attachment plaintiff is entitled to a return of the property or a sufficient amount thereof to satisfy his judgment.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Replevin by the Nichols & Shepard Com-

pany, a corporation, against the Sheriff of Alfalfa County, in which Charles E. Haltom was substituted as defendant. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Titus & Talbot, for plaintiff in error.

W. Wilder and W. W. Schwinn, for defendant in error.

HARDY, J. Charles E. Haltom sued one Brown, and caused an attachment to be levied upon a certain threshing machine outfit as the property of said Brown. The action proceeded to judgment, and the property levied upon was about to be sold to satisfy the judgment, when the Nichols & Shepard Company brought a replevin action against the sheriff of Alfalfa county alleging that it had a chattel mortgage upon said property which was a prior and superior lien to that of Haltom's attachment. By leave of court, Haltom was substituted as defendant and answered by general denial. The parties will be designated in accordance with their respective titles in the trial court.

The action duly came on for trial, and, after various steps were taken therein, defendant was granted leave to file an amended supplemental answer and counterclaim, to which demurrer was sustained, and judgment was rendered in favor of plaintiff, from which defendant prosecutes error. The case is brought here by transcript, and the only question we are called upon to decide is whether or not the court committed error in sustaining the demurrer to the amended supplemental answer and counterclaim of defendant. No objection to the filing of said pleading is preserved in the record and brought here by cross-petition in error, and the action of the court in permitting the filing thereof is not properly submitted for our consideration. This leaves the sole question as to whether said pleading stated facts sufficient to constitute a defense to plaintiff's action. Because the facts set up therein happened after the commencement of the action does not prevent defendant bringing them to the attention of the court and urging them as a defense. Section 4795, Rev. Laws 1910, authorizes either party, on notice and on such terms as the court may prescribe, to file a supplemental pleading alleging facts material to the cause occurring after the original petition, answer, or reply was filed. The purpose of this statute is to permit parties to avail themselves of any fact or matter that would have a bearing upon the litigation, so that the entire controversy may be settled in one action and thereby obviate the necessity of trying the case by piecemeal. Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162; Long v Bagwell, 38 Okla. 312, 133 Pac. 50.

This procedure applies to replevin actions. In Wade v. Gould, 8 Okla. 690, 59 Pac. 11, plaintiff brought replevin for four cows. After issue joined and trial of the cause in the probate court, it was appealed to the district court, where plaintiff filed a supplemental petition seeking the recovery of six calves claimed to be the increase of the cows originally sued for. The action of the trial court permitting the filing of this supplemental petition was sustained, and it was said that the function of a supplemental petition was to supply the facts which might be necessary to a complete determination of the rights of the parties upon the facts existing at the time of the rendition of judgment and which would vary the relief to which plaintiff would have been entitled at the commencement of the action, and it was said to be in the sound discretion of the court as to whether such amendment should be allowed. Denny v. Faulkner, 22 Kan. 89.

Great latitude is allowed in actions of replevin, and the procedure applicable thereto is sufficiently flexible to permit both legal and equitable rights to be determined. The gist of the action is the right of the plaintiff to the possession of the property at the commencement of the action, and, if the title or rights of the parties to the property should change pendente lite, the judgment should adjust the equities between them as such equities stand at the time of the rendition of the judgment. McFadyen v. Masters, 11 Okla. 16, 66 Pac. 284; Broyles et al. v. McInteer, 29 Okla. 767, 120 Pac. 283; Stone v. Am. National Bank, 34 Okla. 786, 127 Pac. 393; Bottoms v. Clark, 38 Okla. 243, 132 Pac. 904; Brown v. Chowning, 59 Okla. 278, 159 Pac. 323.

Plaintiff's mortgage was executed and duly filed in Kansas, where the property was located before its removal to Alfalfa county, and the courts of this state will recognize the validity thereof and enforce its provisions unless in conflict with the rights of a citizen of this state under some statute in force herein, in which event the laws of this state will prevail. Greenville Nat. Bank v. Evans-Snyder-Buel Co., 9 Okla. 353, 60 Pac. 249.

It is a well-settled rule that the lex fori determines the remedy upon a mortgage executed in another state or country, and the procedure in an action to enforce or foreclose a mortgage is regulated exclusively by the laws of the state to which the property is removed and in which the mortgagee seeks to enforce his rights, or in which any party

interested seeks to pursue some claim against the subject-matter. The lex fori determines whether the mortgaged property is subject to attachment and what the proper mode of proceeding is in making the attachment. 2 Cobby, Chat. Mort. sec. 719; Jones, Chat. Mort. (5th Ed.) sec. 307; Denny v. Faulkner, 22 Kan. 89; Scudder v. Union Nat. Bank, 91 U. S. 406, 23 L. Ed. 245.

Said property was subject to attachment by virtue of section 4040, Rev. Laws 1910, and it was not necessary for defendant, in order to levy upon said property, to pay or tender to plaintiff the amount of its mortgage thereon, as plaintiff's mortgage had been executed and filed in Kansas before the property was removed to this state. Greenville Nat. Bank v. Evans-Snyder-Buel Co., supra.

Plaintiff was entitled to the possession of said property under the terms of its mortgage after conditions broken and had the right to obtain possession thereof for the purpose of foreclosing its mortgage thereon by a sale of the property, which must be conducted in the manner prescribed by law or according to the terms of the power contained in the mortgage. Edmisson v. Drumm-Flato Comm. Co., 13 Okla. 440, 73 Pac. 958.

The different methods of foreclosing a mortgage after conditions broken are prescribed by section 4026 of the Rev. Laws 1910, and, when plaintiff's mortgage was foreclosed through any of the methods there enumerated, defendant was entitled to have any surplus remaining after the satisfaction of plaintiff's mortgage and the costs of the foreclosure applied to the satisfaction of his judgment. Lininger v. Herron, 23 Neb. 197, 36 N. W. 481; Jones on Chatt. Mtgs. (5th Ed.) sec. 710.

Plaintiff did not comply with the requirements of this section of the statute according to the allegations of the amended supplemental answer and counterclaim, nor did it foreclose its mortgage in any manner, but removed the property from this state and beyond the reach of any process of the court in which it had been held subject to attachment so that said judgment could not be enforced against it, and redelivered it to the mortgagor. These facts constituted a conversion of the property.

Section 3843, Rev. Laws 1910, provides:

"In case of personal property, its wrongful conversion by the person holding the lien extinguishes the lien thereon."

Under this section, when plaintiff failed to foreclose its mortgage and wrongfully removed the property from this state and redelivered it to Brown, its lien thereon was destroyed, and it was no longer entitled to retain the possession thereof as against the defendant's attachment lien. Though the courts of this state will give force and effect to the provisions of a valid chattel mortgage executed and filed in another state when it is sought to enforce the same therein, comity will not require that they lend their approval to the acts of a citizen of a sister state who comes within our borders and invokes the jurisdiction of our courts to enforce his rights to the extent of regaining possession of mortgaged property, and, after having done so, ignores the laws of this state, fails to comply therewith, and removes the property beyond the jurisdiction of our courts, thereby rendering ineffectual a lien acquired by a citizen of this state in the regular way and in accordance with the due forms of law.

These facts were properly pleaded, and, if true, constituted a defense to plaintiff's right of possession to the property at the date of the judgment and entitled defendant to a return of said property or a sufficient amount thereof to satisfy the lien acquired by him, and the court committed error in sustaining a demurrer to said supplemental answer.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

All the Justices concur, except KANE, J., absent.