## No. 10,613.

### BAILEY, AS SHERIFF *v.* SULLIVAN.

Decided May 5, 1924.

Action in replevin. Judgment for plaintiff.

*Affirmed.*

1. REPLEVIN—*Pleading.* A general allegation of ownership and right of possession is sustained by proof of any interest in the property which confers right of possession.

2. PLEADING—*Replevin—Variance.* Allegations of a replication in a replevin action alleging that the property was subject to the lien of a chattel mortgage of which plaintiff was the holder, held not a departure from the complaint alleging ownership and right of immediate possession in the plaintiff.

3. REPLEVIN—*Pleading.* In a replevin action by the mortgagee of property against an officer who had made a levy under execution, it is held that the replication was not obnoxious to a general demurrer because it did not allege that the mortgagor at the date of the mortgage, was the owner of the property.

4. EVIDENCE—*Replevin.* Notes and mortgage "cancelled by foreclosure" at a date subsequent to the commencement of a replevin action for the property, held admissible in evidence upon the question of mortgagee's right of possession.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES F. MILLER, for plaintiff in error.

MR. JAMES J. SULLIVAN, Pro se.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in replevin. There was a judgment for plaintiff. Defendant brings the case here.

The property involved is an automobile. The amended complaint alleges that "before the commencement of this action, plaintiff was the owner and entitled to the immediate possession" of the automobile. The answer shows

that the defendant, as ex officio sheriff of the City and County of Denver, had levied an execution on the machine as the property of one B. S. Cohen against whom judgments had been obtained by certain parties.  The replication alleges, in substance, that at the time of the levy the property was subject to the lien of a chattel mortgage and that plaintiff was the holder of the notes described in the mortgage.  A copy of the mortgage is attached to the replication as an exhibit.

There are several assignments of error which raise the question whether the replication is a departure from the amended complaint because in the latter there is a general allegation of ownership while in the replication the plaintiff is placed in the position only of a chattel mortgagee.

A general allegation of ownership and right of possession is sustained by proof of any interest in the property which confers the right of possession.  34 Cyc. 1500.  This rule was applied in *Lampman v. Lamping,* 70 Colo. 167, 199 Pac. 418, where, under a complaint alleging ownership, the proof showed plaintiff entitled to possession only as chattel mortgagee.

In section 533, Cobbey on Replevin (2d Ed.) citing, among other cases, *Messenger v. Northcutt,* 26 Colo. 527, 58 Pac. 1090, it is said:  "The term 'owner,' as used in the replevin statutes, does not mean absolute and unqualified title, but means a right to possession.  Any interest coupled with a right of immediate possession constitutes ownership under these statutes."

The allegations of the replication in the instant case are consistent with the general allegation of ownership in the amended complaint.  There is, therefore, no departure in the replication.  *Foster v. Coffey,* 71 Colo. 171, 204 Pac. 900.

It is contended that the replication is demurrable because it does not allege that the mortgagor, at the date of the mortgage, was the owner of the property.  The replication

was not, on this account, obnoxious to a general demurrer. *Hoy v. Leonard,* 13 Colo. App. 449, 59 Pac. 229.

Error is assigned to the admission in evidence of the notes and chattel mortgage held by plaintiff. The evidence was within the issues. The notes and mortgage bore the notation "Cancelled by foreclosure of security, Dec. 17, 1918." This notation does not affect the presumption of non payment prior to that date. The action was commenced and the writ of replevin issued and served on December 9, 1918. The notes and mortgage were admissible in evidence upon the issue of plaintiff's right to possession at the time of the commencement of the action.

There is no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.