# No. 13,591.

### INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* LAWRENCE INVESTMENT COMPANY.

(37 P. [2d] 529)

Decided October 29, 1934.   Rehearing denied November 19, 1934.

Mr. HARRY E. MAST, Mr. FRANK L. GRANT, for plaintiff in error.

Mr. CHARLES C. WOOLDRIDGE, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case involves questions arising—by reason of foreclosure sales under two chattel mortgages—between two corporations which have respectively succeeded to the mortgagor and the mortgagee in each of those documents. For simplicity's sake we shall speak of the corporations as if they were the original mortgagor and mortgagee. Judgment for $302.50 was rendered in the district court of Crowley county against the mortgagee, the International Harvester Company of America, defendant below (plaintiff in error here), and in favor of the mortgagor, the Lawrence Investment Company, plaintiff below (defendant in error here). The judgment is before us for review.

The plaintiff sued on three similar causes of action. A jury trial was had. Verdicts were rendered against the defendant on the first two causes of action; but the trial judge directed a verdict in favor of the defendant on the third, and also reduced the verdict on the first one by $200. Judgment was rendered accordingly.

The defendant Harvester Company contends that the action is trover and conversion; the plaintiff insists that it is a suit for an accounting.

The allegations in the complaint are that the plaintiff was the owner and in possession of certain agricultural implements and other property, subject to chattel mortgages owned by the defendant; that the defendant, as mortgagee, took possession of the property, sold it at private sale, and itself became the purchaser at less than the value; and that the damage to the plaintiff is the dif-

ference between the mortgage indebtedness and the reasonable value of the property. It is readily seen from the aforesaid allegations that the plaintiff has not thereby attempted to plead the ordinary cause of action in trover and conversion. The plaintiff's assertion that the action is a suit for an accounting seems to be corroborated by the defendant's tender of an instruction which reads as follows: "The Court instructs the jury that this is an action for an accounting to the plaintiff from the defendant of the proceeds realized from the sale of the mortgaged property which the defendant sold on June 20, 1931, and if you believe from the evidence that no surplus remained [etc.], then your verdict must be in favor of the defendant, and against the plaintiff, on both causes of action." After taking such a stand, the defendant is not at liberty to argue that the suit is not for an accounting.

Under the doctrine of *Hurt v. Hubbard,* 41 Colo. 505, 92 Pac. 908, there is no doubt that an action of trover and conversion does not lie in Colorado at the instance of a mortgagor of chattels merely because the mortgagee has taken possession in compliance with the terms of the mortgage. The default of the mortgagor vests the mortgagee with the absolute title, subject to the right of the mortgagor to redeem pending a lawful sale. It is equally true that the mortgagor cannot sue in replevin.

However, when the mortgagee has taken possession, and proceeds to act in purported compliance with the terms of the chattel mortgage, the mortgagor is entitled to have the mortgagee conform with the real letter and spirit of the mortgage. If, as in the present case, the mortgage gives the mortgagee authority, after default, to sell at public or private sale, his possession cannot be interfered with so long as he stays within the authority so conferred. However, where the mortgagee sells the mortgaged property at a private sale to himself for a grossly inadequate price, the question is no longer

whether the mortgagee legally in possession can lawfully hold it against the mortgagor, but whether a new situation does not then arise calling for some remedy.

In the case at bar no error is assigned on the giving of any instruction. Six proposed instructions, including the one quoted above, were, however, tendered by the defendant. A careful examination thereof convinces us that the court's refusal to give them was right.

■ We are spared the necessity of discussing the legal principles controlling in this kind of case, for among the instructions given to the jury, without objection as aforesaid, was the following: ''The Court instructs the jury that under the law of this state, when a mortgagee, or his assigns, sells mortgaged property at a private sale for less than the reasonable market value thereof, the mortgagee or his assigns making such sale, become and are liable to the mortgagor or his assigns for the difference between the price for which the property was sold and the reasonable market value thereof on the date of the sale.'' This, in the light of the record, must be considered as stating the legal theory that both parties applied to the case in the court below, and by it both sides are bound. Neither can now challenge the correctness of that instruction.

■ The evidence in the present case was all before the jury, which in view of the verdict must, under the instructions, have found the sales to have been private sales, and to have really been sales to the mortgagee itself. Our perusal of the record herein discloses no indication that the jury was not justified in its conclusions. Under a familiar rule, therefore, we are bound by its findings.

None of the assignments of error is sustained. There is sufficient evidence to support the verdict, and the damages are not excessive. The objections to the admission of evidence, as well as the various motions, have been considered, and we find the rulings correct: There was no prejudicial error.

Judgment affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Hilliard concur.