No. 14,126.

STOKES *v.* KIRK.
(75 P. [2d] 1041)

Decided January 17, 1938. Rehearing denied February 7, 1938.

Mr. Harry C. Davis, Mr. Stanley T. Wallbank, Mr. Edward Z. Klahr, for plaintiff in error.

Messrs. Bartels, Blood & Bancroft, Mr. Arthur H. Laws, for defendant in error.

Mr. Frank L. Grant, amicus curiae.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

This is a replevin action and was previously before this court as Stokes v. Kirk, the decision being reported in 97 Colorado, 96 (47 P. [2d] 686). The parties were the holders of successive chattel mortgages on certain livestock executed by the same mortgagor. Kirk's mortgage was recorded prior to the mortgages of Stokes. Claiming default, Stokes took possession of all of the chattels under her mortgages. Kirk then demanded possession of the mortgaged property from Stokes asserting a superior right thereto by virtue of his chattel mortgage. The demand being refused, this action was instituted. Upon trial judgment was rendered in favor of Kirk which was brought here for review and a reversal ordered. The remittitur, inter alia, provided: "It is therefore ordered and adjudged that the judgment of said District Court be, and the same is hereby, reversed, annulled and altogether held for naught, and that this cause be remanded to said District Court for further proceedings according to law." After this remittitur had been lodged in the lower court Stokes moved for judgment which motion was denied. She then filed a petition in this court for an "extension of opinion" asking that we direct the trial court forthwith to enter judgment in her favor. The petition was denied. Thereafter the trial court permitted Kirk to file an amended complaint, amended reply and a supplemental amended complaint. After unsuccessfully moving to strike these pleadings, Stokes demurred thereto. These demurrers were overruled by the lower court and Stokes, having elected to stand thereon, judgment was entered in accordance with the prayer of the complaint in favor of Kirk and the matter comes here in that condition.

594

Stokes asserts that the lower court, upon the cause being remanded, should have entered judgment in her favor without further proceedings, and that it erred in permitting Kirk to file the pleadings mentioned and in not sustaining her demurrers thereto.

It is our conclusion that the court was within its discretion in permitting Kirk to file his amended and supplemental pleadings and that Stokes' demurrers to the latter were properly overruled. Under this view it will not be necessary for us to discuss the propriety of the court's action in allowing the particular amendments to the complaint and replication here involved. In our former decision we held that the lien of the Stokes' mortgages, junior in point of recording, was superior to the lien of the Kirk mortgage upon the day the replevin suit was instituted by reason of the failure of Kirk to file or record the statement required by section 8, chapter 32, C. S. A. '35, and to properly extend his mortgage in accordance with section 13 of said chapter. In other words, it simply was determined that Kirk, by reason of his failure to comply with the sections of our chattel mortgage law mentioned, had, as against the junior mortgages, lost the prior lien first enjoyed by him and that under these circumstances the junior mortgagee was entitled to possession of the chattel property. The original validity of none of the mortgages was involved and the sole question decided was as to the priority of the liens of these encumbrances as between the parties. It was not, and could not therein have been adjudged that any of the involved mortgages were invalid as between the respective mortgagees and the mortgagor.

The amended supplemental complaint, in substance, alleged that since the institution of this suit and during the pendency thereof, the indebtedness secured by the chattel mortgages of Stokes, the lien of which this court held was superior to the lien of the Kirk mortgage, had been satisfied and paid in full to Stokes by the

original mortgagor whereby said mortgages were extinguished and released and all rights of Stokes thereunder terminated. The demurrer, of course, admitted the truth of these allegations. It is to be observed that in Colorado, if a chattel mortgage provides, as did the mortgages here, that the mortgagor may retain possession of the mortgaged property, the mortgagee is invested with legal title only, but on default the right of possession of the mortgagor is forfeited to, and vests in, the mortgagee for the purpose of sale, subject only to the right of redemption by mortgagor pending sale or for an accounting of the proceeds thereof. *McCormick v. First Nat. Bank,* 88 Colo. 599, 299 Pac. 7; *International Harvester Co. v. Lawrence Inv. Co.,* 95 Colo. 523, 37 P. (2d) 529; 10 Am. Jur. 862, §223.

Under our opinion rendered when the case was formerly here, it was this limited possession to which Stokes was entitled on the day the replevin suit was instituted. With the attending circumstances as to possession present, she accepted payment and satisfaction of the whole amount due under her note, payment of which was secured by the chattel mortgages. Where the debt represented by a chattel mortgage is paid or discharged, the title or interest transferred by the mortgage is extinguished and with the extinguishment of the mortgage the right of the mortgagee to possession terminates. 11 C. J., p. 674, §442.

Likewise on payment of the debt secured by a first mortgage, a second mortgage on the same property becomes eo instanti a prior lien and the holder of the second mortgage is entitled to the possession of the mortgaged property according to the terms of his mortgage. *Ford v. Coweta Hdw. Co.,* 49 Okla. 523, 153 Pac. 865; *Ackerman v. Chapell Hdw. Co.,* 41 Okla. 275, 137 Pac. 349. Therefore, when the indebtedness secured by Stokes' mortgages was paid and discharged, the prior lien accorded them by our former opinion was extinguished

596

and, as between the parties here, the Kirk mortgage was restored to its former position of priority.

■ ■ It was within the discretion of the trial court to permit the filing of the supplemental pleadings alleging full payment of the Stokes' mortgage indebtedness pendente lite. Our Code, section 80, provides, inter alia: "When facts occurring subsequent to the commencement of an action render it proper, the same may, by leave of the court, be presented by supplemental pleadings and issue taken thereon as in case of original pleadings." The purpose of this provision is to permit parties to avail themselves of any matter which has a bearing upon litigation, even though it has arisen subsequent to the institution of the proceeding, so that the entire controversy may be settled in one action. It has been held that in a replevin case where facts have arisen since the beginning of the action and before final judgment which would vary the relief to which the plaintiff would have been entitled at the commencement of the proceeding, such facts may be alleged by supplemental pleadings. *Haltom v. Nichols & Shepard Co.*, 64 Okla. 184, 166 Pac. 745. The Oklahoma Supreme Court in that case, at page 185, said: "Great latitude is allowed in actions of replevin, and the procedure applicable thereto is sufficiently flexible to permit both legal and equitable rights to be determined. The gist of the action is the right of the plaintiff to the possession of the property at the commencement of the action, and, if the title or rights of the parties to the property should change pendente lite, the judgment should adjust the equities between them as such equities stand at the time of the rendition of the judgment. McFayden v. Masters, 11 Okla. 16, 66 Pac. 284; Broyles et al. v. McInteer, 29 Okla. 767, 120 Pac. 283; Stone v. Am. National Bank, 34 Okla. 786, 127 Pac. 393; Bottoms v. Clark, 38 Okla. 243, 132 Pac. 904; Brown v. Chowning, 59 Okla. 278, 159 Pac. 323."

■ At the time of the commencement of the case at

bar, the only question involved was the priority of the respective liens of the successive chattel mortgages of the parties. As has been pointed out, when the lien, to which the priority is claimed to attach, ceases to exist by reason of payment, then the priority also, which is but an incident to one and presupposes two liens, ceases to exist, and from that moment any question of priority is moot. The fact of payment of the indebtedness secured by the prior chattel mortgage, therefore, becomes proper to be determined at any time before final judgment as a preliminary to the determination of whether any lien thereunder still exists. Allegations of the supplemental complaint, admitted by the demurrer, show the extinction of such lien by payment and, therefore, the extinguishment of its previous priority. Only so long as Stokes' lien existed, was she entitled to rely upon *priority* as against Kirk's mortgage.

 The case of *Galbreath v. Wallrich,* 48 Colo. 127, 109 Pac. 417, strongly relied upon by counsel for Stokes, as asserted authority for the impropriety of permitting the filing of supplemental pleadings after remand, is easily distinguished from the one under consideration here. In that case the judgment of the district court was reversed and the cause remanded with directions to enter *a specific judgment* in favor of the plaintiffs for the balance of the purchase money remaining unpaid, which was the subject of the controversy. Under those circumstances no modification of the judgment ordered could be entered by the lower court, and because of this we held that the filing of a supplemental answer and cross-complaint should not have been allowed by the trial court after receipt of the remittitur. When the case at bar was previously before us, the court did not remand the cause with directions to enter a particular judgment, but only for "further proceedings according to law"; hence the trial court was not precluded from granting leave to file the supplemental pleadings and especially is this true where, as here, we already had denied Stokes'

motion for extension of the former opinion to order entry of judgment below. Neither is *Silver State Ass'n v. Independence Indemnity Co.*, 96 Colo. 559, 45 P. (2d) 642, helpful to Stokes. There the court upheld a judgment of dismissal by the lower court after remand upon a remittitur like that in the case at bar, the tendered *amendment* to the replication being "merely an elaboration of what had already been stated, but more concisely, in the pleadings," in view of which nothing remained but to dismiss the case. Here the supplemental pleadings raised a new and decisive issue. Nor do the cases of *Bailey v. Sullivan*, 75 Colo. 346, 225 Pac. 830, where a chattel mortgage and the notes secured thereby were admitted in evidence on the issue of plaintiff's right of possession at the time of the commencement of the action, notwithstanding the fact that they bore the notation, under a date subsequent to that upon which the action was brought, "Cancelled by foreclosure of security"; and *Machette v. Wanless*, 1 Colo. 225, where evidence of partial payment of the chattel mortgage indebtedness was rejected, support Stokes' contention with reference to the effect of the payment of her mortgages pendente lite, since full payment after the commencement of the action and the subsequent changed status of the parties resulting therefrom in neither case was alleged or pleaded in any manner whatsoever.

Accordingly the judgment is affirmed, all costs up to the time of the filing of the amended supplemental complaint to be taxed to Kirk and those accruing thereafter to Stokes.

MR. JUSTICE HOLLAND dissents.